## JONATHAN W. PEELE *vs.* WILLARD P. PHILLIPS.

The *St.* of 1862, *c.* 218, § 3, providing that no stockholder or officer in a manufacturing corporation shall be held liable for its debts or contracts unless a judgment is recovered against it, &c., applies to manufacturing corporations organized under general laws, as well as to those which have special charters.

THE declaration in this case contained counts in contract and in tort, with an averment that they were for the same causes of action, setting forth that the defendant and others associated themselves together as a corporation under the name of the St. Maurice Lumber Company, under the provisions of *Sts.* 1851, *c.* 133, and 1855, *c.* 478; that in 1856 the defendant became the treasurer of the company, and that in that year the corporation, by the defendant as treasurer, executed three several promissory notes payable to the order of the defendant as treasurer, and indorsed by him to the plaintiff, amounting together to $20,000, which notes are still due; that the officers of the corporation neglected and refused to comply with the provisions of the statutes aforesaid, or of Rev. Sts. *c.* 38, §§ 17, 18, and that the capital stock of the corporation was never paid in, whereby, by *St.* 1851, *c.* 133, §§ 10, 11, the officers are jointly and severally liable for the corporate debts contracted during such neglect. The writ was dated December 31, 1862. The defendant filed a general demurrer, and thereupon the case was reserved by *Dewey*, J. for the determination of the whole court.

*W. G. Choate*, (*J. A. Gillis* with him,) for the defendant.

*S. B. Ives, Jr.*, (*G. Wheatland* with him,) for the plaintiff.

MERRICK, J. This is an action to recover the contents of three promissory notes, made by the St. Maurice Lumber Company, and held by the plaintiff. The notes were not paid at their maturity, and still remain due. The St. Maurice Lumber Company is a manufacturing company, and was established under the general laws of the Commonwealth, and is not chartered by any special act of incorporation. The defendant, at the time of the making of the note declared on, was, and has ever

since been, a member and the treasurer of the corporation. The declaration alleges that the capital stock of the company has never been paid in, and that its officers neglected and refused to comply with the provisions of the statutes under which it became incorporated, and thereby made themselves jointly and severally liable for the payment of its debts. To this declaration the defendant demurred.

It is now provided by statute that no stockholder or officer in a manufacturing corporation shall be held liable for its debts, unless a judgment is recovered against it, and the corporation shall neglect, for the space of thirty days after demand made on execution, to pay the amount due, with the officer's fees, or exhibit to him real or personal estate of the corporation, subject to be taken on execution, sufficient to satisfy the same, and the execution shall be returned unsatisfied. In this contingency and event, the judgment creditor, or any other creditor, may file his bill in equity in behalf of himself and all other creditors of the corporation, against it and all persons who were stockholders therein at the time of the commencement of the suit in which such judgment was recovered, or against all the officers liable for its debts, for the recovery of the sums due from the corporation to himself and its other creditors, for which the stockholders or officers are personally liable. And suitable and proper decrees may be entered therein against the respective parties according to their several liabilities. *St.* 1862, *c.* 218, §§ 3, 4, 5. This, therefore, is now the only remedy which a creditor of any manufacturing corporation can have for the recovery from its stockholders or officers of any debt for which they may be liable, if such corporations established under general laws, and not incorporated by a special statute, were intended to be referred to in, and are to be affected by, its provisions.

There is nothing in any provision of this statute which expresses an intention to create or establish a discrimination as to the liability of, or the mode of proceeding against, the stockholders or officers of corporations organized under particular acts of incorporation, and those in which parties associate themselves together for the same or the like purpose under the

general laws. They are equally manufacturing corporations, whether their authority to act is derived from one source or the other. And in the earliest statute on the subject it is enacted, in express terms, in respect to joint stock companies, that when persons associated together have organized in conformity to the requirements of the statute, they shall thereupon become a corporation, with all the powers and privileges, and subject, with a single exception, for which there is otherwise an equivalent provision, to all the duties, restrictions and liabilities, which attach to corporations established by special acts of legislation. *St.* 1851, *c.* 133, § 5. Gen. Sts. *c.* 61, §§ 1, 5. Being thus substantially alike, both in respect to privilege and responsibility, there is no reason why general terms which are equally applicable to both should be construed as referring to one rather than to the other class of these corporations. The declared object and purpose of the statute of 1862 were to define the liabilities of officers and stockholders, and to provide a certain, uniform and convenient mode of enforcing them, so that the rights and claims of all creditors should be secured and adjusted in a single suit. And when the liability and the occasion for a remedy are exactly the same, nothing but the most explicit language to that effect should restrict provisions which in terms are equally applicable to both classes of corporations, to those having their origin in special charters rather than in and by force of the general law.

It has been urged by the plaintiff that, upon this construction, there are material changes effected in relation to the liabilities of officers, by which they are in some instances diminished and in others increased; and that these have a tendency to show that *St.* 1862 was not intended to be applicable to the stockholders and officers of corporations organized under general laws. But even if any such material changes were or would be made in respect to such corporations by giving the statute a construction which makes it applicable only to one class of them, that would not afford a sufficient reason for rejecting plain and positive provisions; for it is competent to the legislature to ordain such changes at its pleasure. But in fact the plaintiff

has wholly failed to substantiate the ground of his objection. In all the instances which he has enumerated in which the officers of chartered corporations would, by force of the provision of Gen. Sts. *c.* 60, become liable, those of the other class would also, with the single exception before referred to, in like manner equally be liable.   Gen. Sts. *c.* 61, § 5.   Officers of the last mentioned class of corporations are not and could not be affected by the provisions of Gen. Sts. *c.* 60, § 23, for they were expressly excepted from its operation.   *St.* 1862, *c.* 218, § 2.   But now the stockholders in both classes of corporations are put upon the same footing and under the same liability, which seems to be a perfectly just and equitable arrangement.   Under Gen. Sts. *c.* 61, § 11, the officers were made liable for the debts of the corporation on account of the omission of the associates to state in their articles the purpose for and the place within which the corporation was established, or of their omission to perform their own duties in respect to the certificate provided for in the eighth section.   From the penalty for the non-performance of these duties they are exonerated by the provision of the statute ; a change of some importance to the officers, but which cannot be considered sufficient to control the provisions of the statute and give it an interpretation to which its language is not otherwise entitled.   Giving effect, therefore, to the plain and positive rule established by the more recent statute, it is very certain that this action cannot be maintained.

*Demurrer sustained.*